UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KAPIL DOGRA, A 072-487-024,

                    Petitioner,

                                                                    **DECISION AND ORDER**
                                                                    10-CV-561A

          v.

MARTIN HERON, Assistant Field Office
   Director for B.F.D.F.,

                    Respondent.

_____

          Pending before the Court is a petition filed on June 21, 2010 by petitioner

Kapil Dogra for habeas corpus relief pursuant to 28 U.S.C. § 2241.  Respondent

filed opposition papers on September 7, 2010.  Petitioner filed reply papers on

September 20 and October 18, 2010.  The pending petition is the third that

petitioner filed in a span of approximately nine months from late October 2009 to

late June 2010.  (*See generally* Case Nos. 09-CV-65 and 09-CV-918.)

Accordingly, and for the sake of brevity, the Court will assume familiarity with the

facts of petitioner's detention.  The Court will note only that it denied petitioner's

two prior petitions on the grounds that he was frustrating efforts by immigration

officials to gather the information necessary to obtain a travel document from the

Consulate of India.

Upon review of all of the documents submitted in support of or in opposition to the pending petition, the Court finds that petitioner's situation largely has not changed. That said, the Court notes one new factual development that may begin to make this case resemble cases such as *Gumbs v. Herron*, No. 09-CV-506, 2009 WL 2958002 (W.D.N.Y. Sept. 11, 2009) (Arcara, *C.J.*). Specifically, respondent notes that petitioner was interviewed by a representative of the Indian Consulate on June 30, 2010. When petitioner was last interviewed by the Indian Consulate on July 11, 2008, respondent found out in approximately two months that the Consulate needed more information from petitioner before it could process any request for a travel document. (*See* Dkt. No. 4-3 at 37.) Here, more than two months have passed since the June 30, 2010 interview. Respondent has not indicated what the result of that interview was or whether the Consulate now has the information from petitioner that it needs to begin processing the application for a travel document. Clarifying whether the Consulate has the information that it needs is important because all of respondent's complaints about petitioner's stonewalling would be moot if the Consulate has decided that it does not need any more information. Petitioner's papers are not helpful on this issue, because they do not help clarify what information he provided the Consulate that he may not have provided previously.

Because petitioner has not set forth adequately what he may have said at his June 30, 2010 interview with the Consulate to remedy his previous

noncompliance, the Court denies the pending petition.  However, this denial is without prejudice to re-file after 90 days from the date of entry of this Order.  Both parties are cautioned that if petitioner re-files a request for habeas corpus relief then the petitioner will be required to explain what additional information he provided at his June 30, 2010 interview, while respondent will be required to explain the outcome of both that interview and of the annual review of petitioner's file, which last occurred in December 2009 and likely is due soon.

   SO ORDERED.

         *s/ Richard J. Arcara*
         HONORABLE RICHARD J. ARCARA
         UNITED STATES DISTRICT JUDGE

DATED: December 1, 2010